**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TOLLIE CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | |
| CHICAGO STATE UNIVERSITY, | ) | |
| BIJESH TOLIA, and FARHAD SIMYAR, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, TOLLIE CARTER, ("Carter" or "Plaintiff"), by and through his attorneys, The Law Offices of Eugene K. Hollander, and for his Complaint at Law against Defendants, CHICAGO STATE UNIVERSITY, ("CSU"), BIJESH TOLIA, ("Tolia"), and FARHAD SIMYAR, ("Simyar") and states as follows:

**JURISDICTION**

1.    This is a suit in equity authorized and instituted pursuant to the Family Medical Leave Act of 1993, 29 U.S.C. § 101 et seq. ("FMLA"), 42 U.S.C. § 2000, and 42 U.S.C. §1981 (b). The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 29 U.S.C. § 101 et seq., 42 U.S.C. § 2000 and 42 U.S.C. §1981 (b), and 29 U.S.C. § 206, providing for declaratory, injunctive, compensatory, punitive, and other relief against employment discrimination based family leave and retaliation.  Jurisdiction of this court is based upon a federal question, 28 U.S.C. § 1331.

2.      Venue in this district is proper under 28 U.S.C. § 1391 (B). The Defendants reside or resided in this district and the events giving rise to Plaintiff's claims occurred here.

3.      All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

    a.   Plaintiff filed a charge of discrimination #440-2009-06466 with the Equal Employment Opportunity Commission ("EEOC") on August 26, 2009, a copy of which is attached hereto as **Exhibit 1**.

    b.   On October 21, 2009, the U.S. Department of Justice issued a notice of right to sue to Carter for charge #440-2009-06466, a copy of which is attached hereto as **Exhibit 2**.

## PARTIES

4.      CARTER is a citizen of the United States and the State of Illinois and resides in Chicago, Cook County, Illinois.

5.      CSU is a university which provides higher education within the State of Illinois.

6.      CSU is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

7.      CSU is an employer as that term is defined under the Family and Medical Leave Act, Title VII, and 42 U.S.C. § 1981.

8.      In 2007, Tolia was the Chairperson of the Department of Accounting and Finance of CSU and was recently promoted to the position of Associate Dean.

9.      In 2008, Simyar was the Acting Chairperson of the Department of Accounting and Finance of CSU and is the Dean of the College of Business of CSU.

## BACKGROUND FACTS

10.     In or about June, August 1986, CSU hired CARTER, an African American, as a teacher.  Plaintiff's most recent position was as an Associate Professor and he taught accounting.

11.     During the course of Carter's employment, Carter taught summer school for additional compensation. Plaintiff was not always able to teach summer school due to the limited availability of classes. CSU determined who would teach summer school on a supposed gender neutral rotation basis.

12.     On January 31, 2007, Plaintiff filed a charge of discrimination with the EEOC, No. 440-2007-02798, which alleged discriminatory treatment concerning the assignment of summer school classes.  Carter was subsequently issued a right to sue letter by the EEOC on May 31, 2007, and on August 31, 2007, Plaintiff filed suit in the United States District Court, No. 07 C 4930, alleging claims under the Americans With Disabilities Act, Title VII of the United States Code, 42 U.S.C. § 1981 and the Equal Pay Act.

13.     On November 21, 2007, Plaintiff filed his Amended Complaint at Law, adding Defendants Dr. Bijesh Tolia and Dr. Farhad Simyar.

14.     In 2007, Plaintiff made a timely request to teach two summer school classes for summer session 2008. Plaintiff's request was denied by Tolia and Simyar, through similarly situated females were assigned to teach two summer school for summer 2008.

15.     On January 29, 2008, Plaintiff exercised his rights under the FMLA to take care of his mother, who was seriously ill from colon cancer and open heart surgery.

16.     In or about 2007, Carter requested to teach two classes during the summer school 2008 session, but Defendants denied him that opportunity.   In 2008, Carter requested to teach two summer school classes during the summer, 2009 session.   In late fall, 2008, Defendants Simyar and CSU refused Plaintiff's request to allow him to teach during the summer session at all though the schedule for the summer session was not finalized until 2009.

### COUNT I - FAMILY AND MEDICAL LEAVE ACT

17.     Plaintiff reincorporates and realleges and incorporates herein as part of this Count I, Paragraphs 1 through 16 as though more fully set forth herein.

18.     At all pertinent times hereto, Plaintiff was an eligible employee, as defined by 29 U.S.C. 2611(2)(A) of the FMLA.

19.     Plaintiff's mother suffered from serious health conditions, colon cancer and open heart surgery.

20.     Plaintiff was entitled to protected leave under the FMLA to take care of his mother's serious health condition, and exercised said leave from January 29, 2008 to March 16, 2008.

21.     Defendant CSU willfully and intentionally interfered with Plaintiff's rights under the FMLA, 29 U.S.C. 2615, and retaliated against him for exercising said rights, in a number of material ways, including, but not limited to:

   a.   Requiring Plaintiff to write master course outlines for every course within the Accounting curriculum and threatening the Plaintiff with serious repercussions if he did not comply to their satisfaction;

   b.   Eliminating Plaintiff's 170 days of accrued sick time;

   c.   Failing to assign Plaintiff two summer school classes for the summer session of 2008 as Plaintiff requested;

     d.  Failing to assign Plaintiff any summer school classes for the summer session of 2009 as Plaintiff requested;

     e.  Failing to offer the Plaintiff the position of Chairperson of the Department of Accounting and Finance.

22.   Defendant's proffered reasons for the adverse actions taken against Plaintiff are pretextual.

23.   Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, TOLLIE CARTER, respectfully prays that this Honorable Court:

1.    Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Family Medical Leave Act of 1993;

2.    Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3.    Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law;

4.    Immediately assign Plaintiff to the job that he would now be occupying but for the practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which he would be enjoying but for the practices of Defendant;

5.     Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that he would have received but for the practices of Defendant;

6.     Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees;

7.     Award Plaintiff liquidated damages for Defendant's willful conduct;

8.     Grant such other relief as may be just and proper.

## COUNT II – RETALIATION – 42 U.S.C. § 1981

24.    Plaintiff reincorporates and realleges, and incorporates herein as part of this Count II, Paragraphs 1 through 23 as though more fully set forth herein.

25.    On January 31, 2007, Plaintiff engaged in protected activity when he filed his original charge of discrimination.   On August 31, 2007, Plaintiff engaged in additional protected activity when he filed his Complaint in the United States District Court, No. 07 C 4930.  On November 21, 2007, Plaintiff further engaged in protected activity when he filed his Amended Complaint at Law, adding Defendants Dr. Bijesh Tolia and Dr. Farhad Simyar.

26.    Following the time that Plaintiff engaged in protected activity by filing his original charge of discrimination, the lawsuit and the Amended Complaint, Defendants retaliated against Carter in one or more of the following ways:

    a. Requiring Plaintiff to write master course outlines for every course within the Accounting curriculum and threatening the Plaintiff with serious repercussions if he did not comply to their satisfaction;

    b. Eliminating Plaintiff's 170 days of accrued sick time;

    c. Failing to assign Plaintiff two summer school classes for the summer session of 2008 as Plaintiff requested;

    d. Failing to assign Plaintiff any summer school classes for the summer session of 2009 as Plaintiff requested;

    e. Failing to offer the Plaintiff the position of Chairperson of the Department of Accounting and Finance.

27.    Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

28.    Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, TOLLIE CARTER, respectfully prays that this Honorable Court:

1.    Enter a declaratory judgment that the practices complained of herein are unlawful and violative of 42 U.S.C. § 1981;

2.    Permanently enjoin these Defendants, their agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3.    Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law;

4.    Immediately assign Plaintiff to the job responsibilities that he would now be occupying but for the practices of Defendants, and adjust the wage rates, salaries,

bonuses, and benefits for Plaintiff to those which he would be enjoying but for the practices of Defendants;

5.      Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that he would have received but for the retaliatory practices of Defendants;

6.      Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees;

7.      Award Plaintiff punitive damages for Defendants' willful conduct;

8.      Grant such other relief as may be just and proper.

## COUNT III – TITLE VII

29.    Plaintiff reincorporates and realleges, and incorporates herein as part of this Count III, Paragraphs 1 through 28 as though more fully set forth herein.

30.    Since 2008 and through 2009, CSU discriminated against Plaintiff by failing to adhere to the rotation system and assigned other teachers and Associate Professors summer school who were not male during the summer session.

31.    Throughout Carter's employment, Carter performed according to the legitimate expectations of CSU.

32.    By refusing to assign Carter summer school teaching responsibilities, Defendant CSU maliciously and/or recklessly violated Title VII of the United States Code.

33.    Plaintiff has no plain, adequate or complete remedy at law to address the wrong alleged and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from

Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

34. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, TOLLIE CARTER, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of Title VII of the United States Code;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of race;

4. Immediately assign Plaintiff to the job responsibilities that he would now be occupying but for the discriminatory practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which he would be enjoying but for the discriminatory practices of Defendant;

5. Compensate and make Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees; and

7.      Grant such relief as may be just and proper.


                                    **Tollie Carter,**
                                    **Plaintiff,**

                            By:    __/s/Eugene K. Hollander__
                                        One of His Attorneys


Eugene K. Hollander
ehollander@ekhlaw.com
Paul W. Ryan
pryan@ekhlaw.com
**The Law Offices of Eugene K. Hollander**
33 North Dearborn
Suite 2300
Chicago, IL 60602
(312) 425-9100